UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CARLA YEAGER, Individually, ) <br> KAYLA M. YEAGER, Individually and as ) <br> Mother and Special Administrator of the ) <br> Estates of M.L.L.S and B.D.S., and ) <br> DAWN SUMMERS, Personal ) <br> Representative of the Estate of Steven J. ) <br> Summers, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> EVENFLO COMPANY, INC., a Delaware ) <br> Corporation, ) <br> ) <br> Defendant. ) | 4:15-cv-00175-RLY-DML |

**ENTRY ON PLAINTIFF DAWN SUMMERS' MOTION TO RECONSIDER
ENTRY ON EVENFLO COMPANY'S MOTION FOR SUMMARY JUDGMENT**

This case arises out of an accident on eastbound Interstate 64 in Harrison County, Indiana. Plaintiffs, Carla Yeager, Kayla Yeager, and Kayla's two daughters, M.L.L.S. and B.D.S., were traveling to New Albany, Indiana in Carla's Mercury Mountaineer when Troy Krueger, who was driving a Nissan 350Z, crossed the median and collided with the Yeager Plaintiffs' vehicle. The collision caused serious injuries to Carla and Kayla, and fatal injuries to Troy, M.L.L.S., and B.D.S.

1

Steven J. Summers[1] was the father of M.L.L.S. and B.D.S. Steven and Kayla were never married, but Steven acknowledged paternity by affidavit for M.L.L.S. and B.D.S. at the time of their births. Kayla was the legal custodian of both children.

On December 9, 2015, Kayla, individually and as mother and special administrator of the estates of M.L.L.S. and B.D.S., and Dawn Summers, personal representative of the Estate of Steven J. Summers ("Estate"), filed the present products liability action against Evenflo for the wrongful death of their children. On August 4, 2017, the court granted in part Evenflo Company, Inc.'s Motion for Summary Judgment. Specifically, it held that the Estate could not pursue a claim under the Child Wrongful Death Act ("CWDA") for the death of M.L.L.S and B.D.S. because Kayla M. Yeager had sole legal custody of them at the time of their deaths. The Estate moves the court to reconsider its Entry on grounds that it committed a manifest error of law.

I. **Standard of Review**

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal quotation marks and citation omitted). A motion to reconsider is appropriate when "'the Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of

---

[1] Steven Summers was the father of M.L.L.S. and B.D.S. According to the Complaint, Steven passed away on October 23, 2015. (Filing No. 1, Compl. ¶ 3).

apprehension.'" *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Whether to grant a motion to reconsider is committed to the sound discretion of the district court. *Caisse Nationale*, 90 F.3d at 1270.

## II. Discussion

Under the CWDA, an action may be maintained against the person whose wrongful act or omission caused the injury or death of a child. Specifically, the statute provides that the action may be maintained by:

> (1) the father and mother jointly, or either of them by naming the other parent as a codefendant to answer as to his or her interest;
>
> (2) in the case of divorce or dissolution of marriage, the person to whom custody of the child was awarded; and
>
> (3) a guardian, for the injury or death of a protected person.

Ind. Code § 34-23-2-1(c). As is evidenced from its text, the CWDA does not provide for the situation presented here, where the parents of the deceased child were never married. Thus far, no Indiana case has addressed this issue either.

In finding that only Kayla could bring a wrongful death action on behalf of M.L.L.S. and B.D.S., the court agreed with Evenflo that the intent of the legislature was for the parent with legal custody to maintain the action. Relying on the text of subsection (c)(2), the court found it would be inconsistent for the legislature to give both unwed parents the right to bring an action, but deny that same right to formerly married parents.

In her Motion to Reconsider, Plaintiff continues to assert that under the CWDA, an action may be maintained by a mother and father jointly, or either one of them, provided they name the other parent to assert an interest in the claim. Ind. Code § 34-23-2-1(c)(1). As support of her position, she relies on the Indiana Court of Appeals' decision in *Chamness v. Carter*, 575 N.E.2d 317 (Ind. Ct. App. 1991). This case was not cited by either party in the underlying briefs.

In *Chamness*, a divorced, non-custodial father brought a wrongful death action after his child was killed and named the child's custodial mother as a codefendant to answer to her interest. *Id.* at 318. The defendant filed a motion for summary judgment, arguing the non-custodial parent lacked standing to bring a wrongful death action. *Id.* The trial court granted the motion, and the father appealed. *Id.*

On appeal, the father argued that the subsections (b)(1)-(b)(3) [2] are to be read conjunctively and should not be read to limit the category of persons entitled to bring an action for a child's death. Thus, like the Estate, he interpreted (b)(1) to authorize the filing of a wrongful death action by both parents together, or either parent alone, whether married, unmarried, or divorced, so long as they joined the other parent. *Id.* at 318. He interpreted (b)(2) to authorize the filing of such an action by the custodial parent (or person awarded custody), without joining the non-custodial parent. *Id.* He supported his

---

[2] The statute at issue in *Chamness* was a prior version of the CWDA (Ind. Code § 34-1-1-8); therefore, the language at issue implicated subsections (b)(1)-(b)(3) rather than (c)(1)-(c)(3). The text of (b)(1)-(b)(3) is identical to the language at issue in the current version of the statute. Accordingly, the court's interpretation of that provision is highly persuasive.

4

interpretation of those subsections by reference to subsection (h)[3], which allows the custodial and non-custodial parent to recover damages for the wrongful death of a child according to their respective losses. The Court of Appeals found the father's interpretation of the statute compelling, and that a strict construction of the statute raised Fourteenth Amendment concerns. *Id.* at 320-21. In reversing the trial court, it observed:

> The legal relationship between a child's parents is not an appropriate criterion for measuring the physical, mental, emotional and financial damage occasioned by the tragic death of a child. The apportionment of damages for loss of a child's services and a child's love and affection is a question of fact to be determined at trial or between the parents. There is no rational basis for denying a non-custodial parent standing to recover for loss occasioned by the injury or death of a child.

*Id.* at 320.

Although *Chamness* involves a divorced couple, the Court of Appeals' interpretation of the CWDA applies to the present case with equal force. Like the father in *Chamness*, Steven was a non-custodial parent whose Estate filed the present action jointly with the mother. Under Indiana Code § 34-23-2-1(c), the Estate has standing to sue Evenflo for wrongful death.

---

[3] In the current version, the text of subsection (h) is found in subsection (i). *Compare* Ind. Code § 34-1-1-8(h), *with* 34-23-2-1(i).

**III.    Conclusion**

The court erred in granting Evenflo's Motion for Summary Judgment against the Estate. Accordingly, the Motion to Reconsider filed by Dawn Summers, as personal representative of the Estate of Steven J. Summers, (Filing No. 133) is **GRANTED**.

**SO ORDERED** this 11th day of December 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.