UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| Carla Yeager, Individually, Kayla M. Yeager, Individually and as Mother and Special Administrator of the Estates of M.L.L.S. and B.D.S., and Dawn Summers, Personal Representative of the Estate of Steven J. Summers<br><br>Plaintiffs<br><br>vs.<br><br>EVENFLO COMPANY, INC., a Delaware Corporation, Defendant. | CASE NO. 4:15-CV-175 RLY-DML |

### DEFENDANT EVENFLO COMPANY, INC.'S OBJECTIONS AND COUNTER-DESIGNATIONS TO THE DEPOSITION OF ERIC DAHLE

Comes now Evenflo and makes the following objections and counter-designations to Plaintiffs' deposition designations.

### OBJECTIONS

| Page/Line | Objections |
|---|---|
| 7:22-8:5 | Lawyer colloquy regarding what case is about is argumentative, irrelevant and unfairly prejudicial. *See* Fed. R. Evid. 402, 403 & 611. |
| 9:1-10; 10:7-11:4; 11:9-22. | Questions regarding testimony Mr. Dahle has given in other Evenflo lawsuits is irrelevant, unfairly prejudicial, and lacking foundation. There has been no showing any of the incidents involved in the other lawsuits are substantially similar to incident in this case. *See* Fed. R. Evid. 402, 403 & 602. *See also* Evenflo's Motion *in Limine* No. 10. |
| 25:4-16 | Questions regarding Mr. Dahle's understanding of the role of a 30(b)(6) witness is argumentative, irrelevant, lacks foundation, and calls for a legal conclusion. *See* Fed. R. Evid. 402, 403 602 & 611. |
| 34:1-14 | The 30(b)(6) notice did not list the design and design and engineering changes of the child seats as topics, therefore questioning about whether he reviewed the design |

| Page/Line | Objections |
|---|---|
|  | notebook in preparation for the deposition lacks foundation, is irrelevant and unfairly prejudicial. *See* Fed. R. Evid. 402, 403 & 602. |
| 46:24 – 47:1 | This in an incomplete question about other incidents. It is irrelevant, unfairly prejudicial, and lacking in foundation. *See* Fed. R. Evid. 402, 403 & 602. |
| 47:24-50:7; 50:13-51:1; 68:1-9 | The 30(b)(6) notice did not list the design and engineering changes of the child seats as topics, therefore questions related to design and engineering changes and whether and why Mr. Dahle did not research all design and engineering changes and did not recall them at his deposition are irrelevant, lack foundation, and are unfairly prejudicial. *See* Fed. R. Evid. 402, 403 & 602. |
| 73:20-22 | The specification regarding the amount of force necessary to move the chest clip in the Tribute is not covered by any 30(b)(6) notice topic, therefore, questioning about whether Mr. Dahle looked at the specification before the deposition is irrelevant, lacking in foundation and unfairly prejudicial. *See* Fed. R. Evid. 402, 403 & 602. |
| 78:17-79:7; 80:16-24; 81:18-25 | Questioning about a 2014 Embrace owner's manual, which was not the manual for the 2006 Embrace at issue in this case, and questioning about why Evenflo produced the 2014 manual in this case is irrelevant, unfairly prejudicial, and lacking in foundation. *See* Fed. R. Evid. 402, 403 & 602. *See* also Evenflo Motion *in Limine* No. 12 Related to Discovery Objections and Disputes. |
| 97:7-13; 97:17-98:10; 103:6-11; 103:14-17. | Questions about the ANSI standard, which was not a topic listed on the 30(b)(6) notice and which Mr. Dahle testified he is not familiar with, is irrelevant, lacking in foundation, and unfairly prejudicial. *See* Fed. R. Evid. 402, 403 & 602. |
| 107:19-108:23; 109:12-111:11 | Questions about whether vehicles manufactured prior to 2001 had Lower Anchors and Tethers ("LATCH") is irrelevant, would result in confusion of the issues and mislead the jury. The vehicle in this case is a 2007 Mercury Mountaineer, which had the LATCH system as well as upper tether anchors. *See* Fed. R. Evid. 402 & 403. |
| 112:12-23; 113:1-10; 113:14-17; 113:22 | Questions about misuse rates for the LATCH system are irrelevant, would mislead the jury and confuse the issues because Plaintiffs did not use the LATCH system—they connected the seats to the vehicle using the vehicle seatbelt system. There is also no claim in this case about their failure to use LATCH. *See* Fed. R. Evid. 402 & 403. |
| 118:18-119:5 | Questions about other models of the Tribute which had an indicator to help consumers know if the tether was sufficiently tight is irrelevant would confuse the issues and mislead the jury because Plaintiffs have testified they did not use the tether on the Tribute and did not know what a tether strap is. *See* Fed. R. Evid. 402 & 403. |
| 119:24-122:17; 123:15-124:4 | Questions about other vehicle designs related to tether anchorages are irrelevant would mislead the jury and confuse the issue. The 2007 Mercury Mountaineer had upper tether anchorages and Plaintiffs testified they did not use the tether on the Tribute. *See* Fed. R. Evid. 402 & 403. |
| 155:3-9 | Questions related to warnings about placing a hard object in front of the child are irrelevant, unfairly prejudicial, would mislead the jury and confuse the issues because both sides' experts agree that neither child sustained their fatal injuries from striking an object in the vehicle. *See* Fed. R. Evid. 402 & 403. |
| 155:10-160:3; 160:12-162:23 | Questions about the Evenflo lab technicians inadvertently leaving a marker used in another test in place during one sled test is irrelevant, would mislead the jury and |

| Page/Line | Objections |
|---|---|
| | confuse the issues, and be unfairly prejudicial as Mr. Dahle testified that the seat passed the sled test and the lab technicians could accurately determine whether or not the seat passed the sled test irrespective of the fact that a marker was inadvertently left in place from a prior test. *See* Fed. R. Evid. 402 & 403. |
| 174:24-177:7 | The 30(b)(6) notice did not list the design and engineering changes of the child seats as topics, therefore questions related to design and engineering changes and whether and why Mr. Dahle did not research all design and engineering changes and did not recall them at his deposition are irrelevant, lack foundation, and are unfairly prejudicial. *See* Fed. R. Evid. 402, 403 & 602. |
| 177:25-178:2 | Questions about whether Mr. Dahle knew that Plaintiffs made a subsequent production of the wireform after Mr. Dahle did his inspection of the Embrace at issue in this case is irrelevant, would confuse the issues and mislead the jury, and be unfairly prejudicial and are without proper foundation. *See* Fed. R. Evid. 402, 403 & 602. |
| 179:7-181:11; 183:1-10. | The 30(b)(6) notice did not list the design and design changes of the child seats as topics, therefore questions related to design and engineering changes and whether and why Mr. Dahle did not research all design and engineering changes and did not recall them at his deposition are irrelevant, lack foundation, and are unfairly prejudicial. Moreover, questions about design changes that have no relevance to the case, such as changes to the LATCH system, are irrelevant, would confuse the issues and mislead the jury for that additional reason. *See* Fed. R. Evid. 402, 403 & 602. |
| 187:15-189:6 | Questions related to latch testing performed on an Embrace (Deposition Exhibit 17) that was determined to have a molding problem with the base is irrelevant, would mislead the jury, confuse the issues, are lacking in foundation, and be unfairly prejudicial as there has been no evidence that the Embrace involved in this accident had a similar molding problem. *See* Fed. R. Evid. 402, 403 & 602. |
| 190:18-191:17; 192:4-194:10; 194:21-199:17 | Questions related to a sled test performed on an Embrace with a different design than the Embrace involved in the accident in this case is irrelevant, unfairly prejudicial, would confuse the issues and mislead the jury. Mr. Dahle testified that the seat involved in the sled test (Deposition Exhibit 18) was different in design than the seat at issue in this case. The grade of steel used in the wireforms was changed from 1008 steel to 1018 steel after the sled test at issue in Deposition Exhibit 18. *See* Fed. R. Evid. 402 & 403. |
| 199:18-201:18; 201:21-204:6; 204:8-9; | Questions regarding incident reports related to other accidents are irrelevant, unfairly prejudicial, and lacking foundation. There has been no showing the other incidents are substantially similar to incident in this case. Moreover, reports received from consumers about accidents they have been involved in are hearsay and contain hearsay within hearsay and are without proper foundation. *See* Fed. R. Evid. 402, 403, 602 & 802. *See also* Evenflo's Motion *in Limine* No. 10. |
| 207:9-210:16; 211:15-212:12. | Questions related to a sled test performed on an Embrace by an outside laboratory (Deposition Exhibit No. 19) where Mr. Dahle testified the lab technician failed to properly engage the carrier to the base are irrelevant, unfairly prejudicial, would confuse the issues and mislead the jury. The testimony of the Plaintiffs in this case and the undisputed evidence shows that the carrier was properly secured in the base |

3

| Page/Line | Objections |
|---|---|
|  | before the collision. *See* Fed. R. Evid. 402 & 403. |
| 213:17-215:2 | The 30(b)(6) notice did not list the design of Embrace (including the force required to depress the release lever of the Embrace) or design changes as topics, therefore questions related to design and whether and why Mr. Dahle did not research all design and engineering changes and did not recall them at his deposition are irrelevant, lack foundation, and are unfairly prejudicial. *See* Fed. R. Evid. 402, 403, & 602. |
| 215:2-24 | Questions regarding incident reports related to other accidents are irrelevant, unfairly prejudicial, and lacking foundation. There has been no showing the other incidents are substantially similar to incident in this case. Moreover, reports received from consumers about accidents they have been involved in are hearsay and contain hearsay within hearsay. *See* Fed. R. Evid. 402, 403, 602 & 802. *See also* Evenflo's Motion *in Limine* No. 10. |
| 215:25-216:7 | The 30(b)(6) notice did not list the design of Embrace or design changes (including design changes to the shell) as topics, therefore questions related to design and whether and why Mr. Dahle did not research all design and engineering changes and did not recall them at his deposition are irrelevant, lack foundation, and are unfairly prejudicial. *See* Fed. R. Evid. 402, 403, & 602. |
| 216:8-13. | The question was not clear as to which test counsel was referring to and there was a misunderstanding by the witness as to which test he was being asked about, therefore, the question and answer are irrelevant would confuse the issues and mislead the jury. *See* Fed. R. Evid. 402, 403, 602 & 611. |
| 216:18-217:4 | Questions related to a sled test performed on an Embrace with a different design than the Embrace involved in the accident in this case is irrelevant, unfairly prejudicial, would confuse the issues and mislead the jury. Mr. Dahle testified that the seat involved in the sled test (Deposition Exhibit 18) was different in design than the seat at issue in this case. The grade of steel used in the wireforms was changed from 1008 steel to 1018 steel after the sled test at issue in Deposition Exhibit 18. *See* Fed. R. Evid. 402 & 403. |
| 217:5-218:6 | Questions related to a sled test performed on an Embrace by an outside laboratory (Deposition Exhibit No. 19) where Mr. Dahle testified the lab failed to properly engage the carrier to the base are irrelevant, unfairly prejudicial, would confuse the issues and mislead the jury. The testimony of the Plaintiffs in this case is that the carrier was fully secured in the base before the collision. Additionally, The 30(b)(6) notice did not list the design and design changes of the child seats as topics, therefore questioning about whether he memorized the design changes in preparation for the deposition is irrelevant and unfairly prejudicial. *See* Fed. R. Evid. 402, 403, & 602. |
| 218:20-221:4; 221:7-25; 222:2-223:3. | Questions regarding incident reports related to other accidents are irrelevant, unfairly prejudicial, and lacking foundation. There has been no showing the other incidents are substantially similar to incident in this case. Moreover, reports received from consumers about accidents they have been involved in are hearsay and contain hearsay within hearsay and lack foundation. *See* Fed. R. Evid. 402, 403, 602, & 802. *See also* Evenflo's Motion *in Limine* No. 10. |
| 223:4-12 | Latch testing and the protocol for the Latch test were not listed as 30(b)(6) topics, |

| **Page/Line** | **Objections** |
|---|---|
|  | therefore questions about whether Mr. Dahle remembers the protocol is irrelevant, unfairly prejudicial, would mislead the jury and confuse the issues and are lacking proper foundation.  Moreover, although he could not recall where the latch testing protocol was set forth during his deposition, he provided that information on his errata sheet. *See* Fed. R. Evid. 402, 403, & 602. |
| 223:13-15 | Questions about whether the protocol containing the latch testing was produced to Plaintiffs in discovery is irrelevant, unfairly prejudicial, would mislead the jury and confuse the issues and lack foundation. *See* Fed. R. Evid. 402, 403, & 602. *See also* Evenflo Motion in Limine No. 12 Related to Discovery Objections and Disputes. |
| 223:19-224:15 | Questions regarding incident reports related to other accidents are irrelevant, unfairly prejudicial, and lacking foundation.  There has been no showing the other incidents are substantially similar to incident in this case.  Moreover, reports received from consumers about accidents they have been involved in are hearsay and contain hearsay within hearsay. *See* Fed. R. Evid. 402, 403, 602, & 802. *See also* Evenflo's Motion *in Limine* No. 10. |
| 224:16-225:3; 225:10-226:4; 226:11-227:11; 227:24-229:24; 230:10-21; 233:10-234:2. | Latch testing and the protocol for the Latch test were not listed as 30(b)(6) topics, therefore questions about whether Mr. Dahle remembers the protocol is irrelevant, unfairly prejudicial, would mislead the jury and confuse the issues.  Moreover, although he could not recall where the latch testing protocol was set forth during his deposition, he provided that information on his errata sheet.  Questions about an earlier draft latch testing protocol is also irrelevant, would mislead the jury, and confuse the issues. *See* Fed. R. Evid. 402, 403, & 602. |
| 234:14-235:25 | Questions related to a sled test performed on the Embrace with a different design than the Embrace involved in the accident in this case, because it was a production pilot, are irrelevant, unfairly prejudicial, would confuse the issues and mislead the jury. *See* Fed. R. Evid. 402, 403, & 602. |
| 237:16-23 | Questions as to whether certain tests were produced by Evenflo in this case are irrelevant, lack foundation, are unfairly prejudicial, would mislead the jury and confuse the issue.  In fact, the tests counsel questioned the witness about were produced.  That Mr. Dahle did not know whether they were produced in discovery to Plaintiffs is not relevant. *See* Fed. R. Evid. 402, 403, & 602. *See also* Evenflo Motion in Limine No. 12 Related to Discovery Objections and Disputes. |
| 238:6-9 | There was no question pending.  The statement by the witness is irrelevant, unfairly prejudicial, would mislead the jury and confuse the issues. *See* Fed. R. Evid. 402 & 403. |
| 238:11-25 | Latch testing and the protocol for the Latch test were not listed as 30(b)(6) topics, therefore questions about whether Mr. Dahle remembers the protocol is irrelevant, unfairly prejudicial, would mislead the jury and confuse the issues.  Moreover, although he could not recall where the latch testing protocol was set forth during his deposition, he provided that information on his errata sheet. *See* Fed. R. Evid. 402, 403, & 602. |
| 239:1-240:6; 240:13-248:6 | Questions regarding incident reports related to other accidents are irrelevant, unfairly prejudicial, and lacking foundation.  There has been no showing the other incidents are substantially similar to incident in this case.  Moreover, reports received from |

| Page/Line | Objections |
|---|---|
| | consumers about accidents they have been involved in are hearsay and contain hearsay within hearsay and lack proper foundation. *See* Fed. R. Evid. 402, 403, 602, & 802. *See also* Evenflo's Motion *in Limine* No. 10. |
| 252:3-22 | Testing performed on seats after the date of manufacture of the seat at issue in this case and after the date of the accident in this case are irrelevant, lack foundation, are unfairly prejudicial, would mislead the jury and confuse the issues. *See* Fed. R. Evid. 402, 403, & 602. |
| 271:19-272:21; 273:11-274:5; 274:10-24; 275:3-276:5; 276:11-277:12 | Questions related to a sled test performed on an Embrace with a different design than the Embrace involved in the accident in this case is irrelevant, unfairly prejudicial, would confuse the issues and mislead the jury. Mr. Dahle testified that the seat involved in the sled test (Deposition Exhibit 22) was different in design than the seat at issue in this case. The seat used in the sled test was a production pilot and changes were made in the production model to the release lever spring tension to address the detachment that occurred on rebound. Additionally, The 30(b)(6) notice did not list the design of Embrace or design changes as topics, therefore questions related to design and whether and why Mr. Dahle did not research all design and engineering changes and did not recall them at his deposition are irrelevant, lack foundation, and are unfairly prejudicial. *See* Fed. R. Evid. 402, 403, & 602. |

## **COUNTER-DESIGNATIONS**

Evenflo makes the following counter-designations based upon deposition designations Plaintiffs have made. Evenflo has objected to Plaintiffs' deposition designations as set forth above. If the Court sustains some or all of Evenflo's objections to Plaintiffs' designations, Evenflo may withdraw some of the counter-designations set forth below.

**Page/Line**

19:22-20:17

22:22-23:15

30:1

71:17-19; 17:21-24

92:7-9; 92:12-15; 92:21-24

93:5-7; 93:9-12

100:2-16

137:12-13

145:17-146:16

146:19-147:8; 147:11-13

167:5-14

240:7-12

248:7-8; 13-15; 17-19

249:10-13

253:8-11

261:14-25

262:11-19; 21-23; 25

263:1-18; 21-23

264: 3-265:4

265:15-266:10

266:14-268:11

272:22-24

273:6-7

277:20-279:5

Respectfully submitted,

/s/ Richard P. Cassetta
Dan H. Ball (admitted *pro hac vice*)
Richard P. Cassetta (admitted *pro hac vice*)
Bryan Cave Leighton Paisner LLP
One Metropolitan Square
211 N. Broadway, Ste 3600
St. Louis, MO 63102
(314) 259-2200 Telephone
dhball@bryancave.com
richard.cassetta@bryancave.com


Larry R. Church
Marc Tawfik
McNeely Stephenson
318 Pearl Street,
Suite 200
New Albany, IN 47150
(812) 725-8224 Telephone
(317) 825-5205
larry.r.church@msth.com

*Counsel for Defendant, Evenflo Company, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of June, 2018, the foregoing document was served by operation of the Court's electronic filing system on the following attorneys:

J. Anthony Goebel
GOEBEL LAW OFFICE
1034 Copperfield Drive
Georgetown, IN 47122

Richard L. Denney
Jason E. Robinson
DENNEY & BARRETT PC
870 Copperfield Drive
Norman, OK 73072-4147

Nicholas F. Stein
Amy Wheatley
810 E. Market Street
New Albany, IN 47150

/s/ Richard P. Cassetta
Richard P. Cassetta