UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| Carla Yeager, Individually, Kayla M. Yeager, Individually and as Mother and Special Administrator of the Estates of M.L.L.S. and B.D.S., and Dawn Summers, Personal Representative of the Estate of Steven J. Summers<br><br>Plaintiffs<br><br>vs.<br><br>EVENFLO COMPANY, INC., a Delaware Corporation, Defendant. | CASE NO. 4:15-CV-175 RLY-DML |

**EVENFLO COMPANY, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO CONFORM DEFENDANT'S DEPOSITION DESIGNATIONS TO THE ORDER OF TRIAL**

Plaintiffs designated from approximately 180 pages of deposition testimony of Evenflo's corporate representative, Eric Dahle. Rather than waiting until it receives Evenflo's counter-designations and following the procedure in the Court's order [Doc. No. 135] by lodging any specific objections to Evenflo's counter-designations, Plaintiffs filed a motion *in limine* captioned "Motion *in Limine* to Conform Defendant's Deposition Designations to the Order of Trial." Plaintiffs speculate that Evenflo will over-counter-designate to the testimony of Mr. Dahle and that it will counter-designate testimony that is not related to Plaintiffs' designations. Plaintiffs' motion should be denied.

First, what Plaintiffs are asking the court to do, to exclude evidence *in limine,* based upon a speculative, hypothetical scenario, is not proper. Second, the hypothetical scenario on which

Plaintiffs base their motion will not occur. Contemporaneously with the filing of this memorandum in opposition, Evenflo is filing its objections and counter-designations to Mr. Dahle's testimony. Evenflo is designating from approximately 30 pages of testimony, and all testimony Evenflo is counter-designating to is related to Plaintiffs' designations. If Plaintiffs believe that Evenflo has improperly counter-designated testimony, Plaintiffs should make their specific objections pursuant the Court's order.

The doctrine of completeness, codified in Federal Rule of Evidence 106, allows a party to admit other parts of a statement to clarify or explain the portion already received. *United States v. Price*, 516 F.3d 597, 604 (7th Cir. 2008). The rule states: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time." Fed. R. Evid. 106. The purpose of this rule is to allow litigants to present a broader picture of the evidence, and the rule "prevents the jury from being misled by a statement introduced out of its true context." *Price*, 516 F.3d at 604.

Under the doctrine of completeness, the jury should consider Evenflo's counter-designations at the same time it considers Plaintiffs' designations. Plaintiffs speculate in their motion that Evenflo is going to counter-designate to "voluminous portions of unrelated testimony." A court should not grant a motion *in limine* based solely on speculation. *See, e.g., Jenkinson v. Norfolk S. Ry. Co.*, No. 115CV00824TWPMPB, 2017 WL 1393086, at *6 (S.D. Ind. Apr. 17, 2017) (denying plaintiff's motion *in limine* that required the court to speculate); *see also United States v. Greene*, 497 F.2d 1068, 1076 (7th Cir. 1974) ("Speculation wastes time and bears ephemeral fruit.").

Furthermore, Plaintiffs motion *in limine* is overly broad, and it is not specific enough at this stage of the litigation. A court should deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded. *See United States v. Carmichael*, No. 116CR00172SEBMJD02, 2018 WL 1140391, at *1 (S.D. Ind. Mar. 2, 2018) (citing Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)). General requests to exclude evidence are not properly raised in a motion *in limine* and instead, should be raised at trial. *Loera v. Nat'l R.R. Passenger Corp. (Amtrak)*, No. 02 C 736, 2004 WL 2584786, at *3 (N.D. Ill. Nov. 10, 2004). Indeed, this is not the first time Plaintiffs' counsel have filed such a motion. In *Petersen v. DaimlerChrysler Corp., et al.,* No. 1:06-CV-108-TC-PMW, 2011 WL 2604819 (D. Utah June 30, 2011), counsel filed an identical motion *in limine*. The court in *Petersen* denied the motion, holding "[t]he court concludes that this motion is premature. This is an issue that should be raised at an appropriate time during trial." *Id*. at *1.

Finally, the basis for Plaintiffs' motion did not materialize: Evenflo counter-designated properly and the counter-designations are related to Plaintiffs' designations. To the extent Plaintiffs disagree, they will have an opportunity to make their specific objections pursuant the Court's order.

## **Conclusion**

For the foregoing reasons, Plaintiffs' Motion *in Limine* to Conform Defendant's Deposition Designations to the Order of Trial should be denied.

Respectfully submitted,

/s/ Richard P. Cassetta
Dan H. Ball (admitted *pro hac vice*)
Richard P. Cassetta (admitted *pro hac vice*)
Bryan Cave Leighton Paisner LLP
One Metropolitan Square
211 N. Broadway, Ste 3600
St. Louis, MO 63102
(314) 259-2200 Telephone
dhball@bryancave.com
richard.cassetta@bryancave.com


Larry R. Church
Marc Tawfik
McNeely Stephenson
318 Pearl Street,
Suite 200
New Albany, IN 47150
(812) 725-8224 Telephone
(317) 825-5205
larry.r.church@msth.com

*Counsel for Defendant, Evenflo Company, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of June, 2018, the foregoing document was served by operation of the Court's electronic filing system on the following attorneys:

| | |
|---|---|
| J. Anthony Goebel<br>GOEBEL LAW OFFICE<br>1034 Copperfield Drive<br>Georgetown, IN 47122 | Richard L. Denney<br>Jason E. Robinson<br>DENNEY & BARRETT PC<br>870 Copperfield Drive<br>Norman, OK 73072-4147 |
| Nicholas F. Stein<br>Amy Wheatley<br>810 E. Market Street<br>New Albany, IN 47150 | |

/s/ Richard P. Cassetta
Richard P. Cassetta