UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| Carla Yeager, Individually, Kayla M. Yeager, Individually and as Mother and Special Administrator of the Estates of M.L.L.S. and B.D.S., and Dawn Summers, Personal Representative of the Estate of Steven J. Summers<br><br>Plaintiffs<br><br>vs.<br><br>EVENFLO COMPANY, INC., a Delaware Corporation, Defendant. | CASE NO. 4:15-CV-175 RLY-DML |

**EVENFLO COMPANY, INC.'S RESPONSE TO PLAINTIFFS'**
**MOTION *IN LIMINE* TO PROHIBIT PREJUDICIAL TRIAL TACTICS**

Plaintiffs have filed a Motion *in Limine* asking the Court to prohibit Evenflo from referring to 25 topics (including sub-parts). Evenflo will address each topic below. However, Evenflo first submits that the motion should be denied because it is premature and in multiple respects vague and non-specific about what evidence and comments plaintiffs are trying to exclude.

This is not the first time plaintiffs' counsel has filed such a motion. In *Petersen v. DaimlerChrysler Corp., et al.,* No. 1:06-CV-108-TC-PMW, 2011 WL 2604819, at *1 (D. Utah June 30, 2011), plaintiffs' counsel filed a motion *in limine* with the identical title. The magistrate judge noted that plaintiffs' "laundry list of allegedly prejudicial trial tactics that they believe might be used at trial" was premature. The motion was denied. The Court stated:

> "If and when [the defendant] attempts to use any of the so-called tactics at trial, Plaintiffs may object at that time and seek a ruling from the trial judge. Plaintiffs' motion is denied without prejudice."

*Id.* at *1.

Also, in *Stokes v. Ford Motor Company*, a case pending in state court in Montana, plaintiff's counsel (which included Richard Denny, counsel of record in this case) filed a similar motion. Of the 25 topics included in Plaintiffs' motion in this case, 19 topics are nearly identical to the topics in the *Stokes* motions *in limine*.[1] The court in *Stokes* granted only a topic related to derogatory references to lawsuits (Evenflo will make no such comment here), and denied the motion as to all remaining topics. *See Stokes v. Ford Motor Co.*, No. DV5620051236, 2011 WL 13042542, at *2 (Mont. Dist. 2011) (attached as Exhibit A.). The order stated: "The Court understands these issues can be revisited and objections made during trial." *Id.*

A court may deny a motion *in limine* when it lacks necessary specificity. *United States v. Carmichael*, No. 116CR00172SEBMJD02, 2018 WL 1140391, at *1 (S.D. Ind. Mar. 2, 2018) (citing Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)); *see Wells Fargo Bank, N.A. v. Siegel*, No. 05 C 5635, 2007 WL 1118442, at *1 (N.D. Ill. Apr. 16, 2007) (holding that failure to identify specific evidence that would be introduced at trial, and filing "such a vague and generalized request" warranted a denial of the motion *in limine*); *see also A.Hak Indus. Servs. BV Techcorr USA, LLC, Techcorr USA Mgmt., LLC v. A.Hak Indus. Servs. B.V.*, No. 3:11-CV-74, 2014 WL 12591696, at

---

[1] The nearly identical topics include 1) effect of verdict on insurance premiums; 2) unfairness of product liability law to manufacturers; 3) suggestion that damages award may raise prices or cause jobs to be lost; 4) how an award of damages will be spent; 5) tender of any *ex parte* statement; 6) expanding objections beyond proper form; 7) vehicles used by Plaintiffs, witnesses, or counsel; 8) residence of experts; 9) referring to expert in derogatory ways; 10) comments on work of other experts, 11) comments on use of vehicles by others, 12) expert compensation, 13) references to unpublished court opinions; 14) commenting on expert's family; 15) statements that plaintiffs claim all similar products are defective; 16) comments that manufacturers have "deep pockets"; 17) statements that "my client is innocent until proven guilty"; 18) comments about design and safety efforts; and 19) comments about representation of employees. *See* Plaintiff's Motion *in Limine* and Brief in Support in *Stokes v. Ford Motor Co.*, No. DV5620051236 (Mont. Dist. 2011), attached hereto as Exhibit B.

*2 (N.D.W. Va. Dec. 18, 2014) (denying twenty-two of twenty-five motions *in limine* after finding that the motions were premature and did not relate to any specific evidence or argument).

General, non-specific requests to exclude evidence are not properly raised in a motion *in limine*. Instead, objections to specific evidence should be raised at trial. *Loera v. Nat'l R.R. Passenger Corp. (Amtrak)*, No. 02 C 736, 2004 WL 2584786, at *3 (N.D. Ill. Nov. 10, 2004). In *Loera*, plaintiff filed general motions *in limine*, which included 1) a request to bar witnesses not listed in answers and interrogatories; 2) a request to bar the introduction of documents not produced in discovery; 3) a request to bar defendant from presenting evidence from witnesses without knowledge of facts; and 4) a request to prevent the defendant from presenting a "parade of witnesses" that would testify that they did not suffer harassment. *Id.* at *3. The court held that although there might be specific pieces of evidence that prove to be inadmissible at trial, these matters were not properly raised in a motion *in limine* because they were too general. *Id.*

Evenflo submits that the Court should dispose of Plaintiffs' motions *in limine* in the same manner as the courts in *Petersen, Stokes,* and *Loera* — deny the motion and address the issues at trial if and when that becomes necessary.

Having said that, Evenflo will now address each topic raised by Plaintiffs. Some of Plaintiffs' topics are not controversial and are not in dispute.

1. <u>Other injuries or illnesses of the decedents</u>.

    Evenflo does not presently intend to make any such comment. If this changes, Evenflo will first approach the bench to discuss the issue.

2. <u>Effect on insurance premiums</u>.

    Evenflo does not intend to make any such comment.

3. <u>Unfairness of product liability law</u>.

    Evenflo does not intend to make any such comment.

4. <u>Verdict will raise prices or put Evenflo out of business</u>.

Evenflo does not intend to make any such comment.

5. <u>How an award of damages will be spent</u>.

This motion is too vague and does not identify specific evidence. A ruling should be reserved for trial so it can be decided in a proper evidentiary context.

6. *Ex parte* <u>statement</u>.

This motion is too vague and does not identify specific evidence. A ruling should be reserved for trial so it can be decided in a proper evidentiary context.

7. <u>Probable testimony of witnesses who is not called</u>.

This motion is too vague and does not identify specific evidence. A ruling should be reserved for trial so it can be decided in a proper evidentiary context.

8. <u>Testimony of undisclosed witness</u>.

This motion is too vague and does not identify specific evidence. A ruling should be reserved for trial so it can be decided in a proper evidentiary context.

9. <u>Demand to produce documents</u>.

This motion is too vague and does not identify specific evidence. A ruling should be reserved for trial so it can be decided in a proper evidentiary context.

10. <u>Special effort to be fair to corporation.</u>

This motion is too vague and does not identify specific evidence. A ruling should be reserved for trial so it can be decided in a proper evidentiary context.

11. <u>Expansive objections</u>.

This motion is too vague and does not identify specific evidence. A ruling should be reserved for trial so it can be decided in a proper evidentiary context.

12. <u>Child seats used by witnesses</u>.

This motion is too vague and does not identify specific evidence. A ruling should be reserved for trial so it can be decided in a proper evidentiary context.

13. <u>Experts</u>.

A. <u>Residence of experts</u>. The residence of an expert is an inevitable part of his background. Evenflo agrees that undue comment about the residence is unnecessary and expects Plaintiffs to abide by the same principle.

B. <u>"Hired gun" reference</u>. Evenflo agrees to make no such comment and expects Plaintiffs to abide by the same principle.

C. <u>Comments on work of other experts</u>. This motion is too vague and does not identify specific evidence. A ruling should be reserved for trial so it can be decided in a proper evidentiary context.

D. <u>Use of child seats by others</u>. This motion is too vague and does not identify specific evidence. A ruling should be reserved for trial so it can be decided in a proper evidentiary context.

E. <u>Expert compensation</u>. Evenflo agrees to Plaintiffs' proposal that the only reference of any kind by either side to expert compensation should be evidence about their billing rates.

F. <u>Reference to court opinions</u>. Evenflo does not presently intend to refer to any court opinions in connection with plaintiffs' experts. Court rulings should not be referenced by either side. Evenflo will approach the bench to discuss the issue, if necessary.

G. <u>Expert family</u>. This motion is too vague and does not identify specific evidence. A ruling should be reserved for trial so it can be decided in a proper evidentiary context.

14. <u>Argument that Plaintiffs claim all similar products are defective</u>.

This motion is too vague and does not identify specific evidence. A ruling should be reserved for trial so it can be decided in a proper evidentiary context. Depending on context, this motion also would unduly restrict Evenflo's cross-examination. For example, virtually all manufacturers utilize a chest clip design concept similar to the Tribute. This evidence is highly probative of the reasonableness of the Tribute design. This evidence should not be limited.

15. <u>"Deep pocket" argument</u>.

This motion is too vague and does not identify specific evidence. A ruling should be reserved for trial so it can be decided in a proper evidentiary context. Evenflo has filed a motion *in limine* asking for exclusion of any comment on the wealth or lack of wealth of any party. Evenflo submits that neither side should make any such comment.

16. <u>"Innocent until proven guilty"</u>.

This motion is too vague and does not identify specific evidence. A ruling should be reserved for trial so it can be decided in a proper evidentiary context. Evenflo does not intend to use these exact words in any discussion of the burden of proof.

17. <u>Evidence about design and safety efforts</u>.

Evidence about the care Evenflo takes in designing and testing its products is obviously admissible under Indiana law. *See* Ind. Code § 34-20-2-2 ("[I]n an action based on an alleged design defect in the product or based on an alleged failure to provide adequate warnings or instructions regarding the use of the product, the party making the claim must establish that the manufacturer or seller failed to exercise reasonable care under the circumstances in designing the product or in providing the warnings or instructions."). Evenflo does not intend to present evidence of its monetary expenditures in designing any testing procedures. However, Plaintiffs' motion is so vague and overbroad that it must be denied because,

read literally, it seeks to exclude relevant evidence relevant to key issues. Plaintiffs can object at trial to specific evidence.

   18. <u>Comment about representation of employees</u>.

   This motion is too vague and does not identify specific evidence. A ruling should be reserved for trial so it can be decided in a proper evidentiary context.

         Respectfully submitted,

         /s/ Richard P. Cassetta
         Dan H. Ball (admitted *pro hac vice*)
         Richard P. Cassetta (admitted *pro hac vice*)
         Bryan Cave Leighton Paisner LLP
         One Metropolitan Square
         211 N. Broadway, Ste 3600
         St. Louis, MO 63102
         (314) 259-2200 Telephone
         dhball@bryancave.com
         richard.cassetta@bryancave.com

         Larry R. Church
         Marc Tawfik
         McNeely Stephenson
         318 Pearl Street,
         Suite 200
         New Albany, IN 47150
         (812) 725-8224 Telephone
         (317) 825-5205
         larry.r.church@msth.com

         *Counsel for Defendant, Evenflo Company, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of June, 2018, the foregoing document was served by operation of the Court's electronic filing system on the following attorneys:

J. Anthony Goebel
GOEBEL LAW OFFICE
1034 Copperfield Drive
Georgetown, IN 47122

Richard L. Denney
Jason E. Robinson
DENNEY & BARRETT PC
870 Copperfield Drive
Norman, OK 73072-4147

Nicholas F. Stein
Amy Wheatley
810 E. Market Street
New Albany, IN 47150

/s/ Richard P. Cassetta
Richard P. Cassetta