UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
AT NEW ALBANY

| | |
|---|---|
| Carla Yeager, Individually,<br>Kayla M. Yeager, Individually and as Mother and Special Administrator of the Estates of M.L.L.S and B.D.S., and DAWN SUMMERS, Personal Representative of the Estate of Steven J. Summers<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>EVENFLO COMPANY, INC., a Delaware Corporation<br><br><br>　　　　　　　　　　Defendant. | CASE NO. 4:15-CV-175 RLY-DML |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE OF PAST DRUG USE BY KAYLA YEAGER AND THE CRIMINAL HISTORY AND/OR DRUG USE OF STEVEN J. SUMMERS**

Comes now the Defendant, Evenflo Company, Inc. ("Evenflo"), by counsel, and for its Response to Plaintiffs' Motion to Exclude Evidence of Past Drug Use by Kayla Yeager and the Criminal History and/or Drug Use of Steven J. Summers states as follows:

Plaintiffs' aforementioned Motion to Exclude Evidence is based on Fed. R. Evid. 403 and 404, which excludes inadmissible character evidence and unduly prejudicial evidence. Plaintiffs' Motions seeks to exclude any reference to Kayla Yeager's past drug use and Steven J. Summers past drug use, as well as his storied criminal history, as they claim evidence of each could potentially be used to attack Plaintiffs' character which would be improper under Fed. R. Evid. 609 or simply highly prejudicial.

"A trial court possesses broad discretion in determining the relevance of proffered evidence and in balancing its probative value and unfair prejudice." *United States v. Laughlin*, 772 F.2d 1382, 1392 (7th Cir.1985). "The decision of the district judge will be accorded "great deference," *Medina*, 755 F.2d at 1274, because his first-hand exposure to all the evidence and his familiarity with the course of the trial proceedings are the best qualifications available for balancing the value of the evidence in its proper context." *United States v. Levy,* 741 F.2d 915, 924 (7th Cir.), cert. denied, 469 U.S. 1021, 105 S.Ct. 440, 83 L.Ed.2d 366 (1984).

"When the same evidence has legitimate and forbidden uses, when the introduction is valuable yet dangerous, the district judge has great discretion." *United States v. Beasley*, 809 F.2d 1273, 1278 (7th Cir.1987). The lower court's holding will not be disturbed on appeal absent a clear showing that the court abused its discretion. *United States v. Green*, 735 F.2d 1018, 1026 (7th Cir.1984) as cited by *Young v. Rabideau*, 821 F.2d 373, 377 (7th Cir. 1987). The district judge's decision will not be overturned absent a clear abuse of discretion. *See Id.*

While the Plaintiffs are correct that Kayla Yeager only tested positive for marijuana once, the evidence clearly establishes a long history of drug use and abuse by Kayla Yeager and Steven J. Summers, including after the births of M.L.L.S. and B.D.S. This evidence has been offered by Plaintiff, Dawn Summers, in her deposition. In her testimony, Plaintiff, Dawn Summers, spoke candidly and truthfully about the drug habits of Kayla Yeager and Steven J. Summers especially their drug use around the children's home. The deposition excerpt of Dawn Summers, attached hereto as Exhibit A, is prima facie evidence that Kayla Yeager and Steven J. Summers were habitual illicit drug users. Further, Steven J. Summers' storied history of arrests, incarcerations, and

2

felonious behavior should be admissible pursuant to the Federal Rules of Evidence and case law.

The evidence of Plaintiffs' drug use will not be used to bludgeon their character or impeach them as witnesses, as the Plaintiffs suggest. Rather, the evidence of Plaintiffs' addiction to illegal drugs and Steven J. Summers' criminal history is extremely relevant to damages, namely the loss of love, services, and companionship, and any claimed loss of the enjoyment of life.

The U.S. Court of Appeals examined this same issue at great length and came to the conclusion that such evidence is probative in nature, specifically in regards to damages. In *Cobige v. City of Chicago*, Ill., 651 F.3d 780, 785 (7th Cir. 2011), as amended on denial of reh'g (Sept. 8, 2011), the Court of Appeals remanded the case for a new trial after the trial court judge excluded evidence of drug addiction and criminal history.  The Court stated, "when the law makes damages depend on matters such as the emotional tie between mother and son, the defendant is entitled to show that the decedent's character flaws undermined the quality of advice and support that she could have supplied. This kind of effect is not "prejudice" at all—not unless we count as "prejudice" all evidence that undermines the other side's contentions." Id. at 785. While this case involves the character flaws of the decedent, there is no doubt the Court would find the same regarding the character flaws of the surviving family member.

Further, in *Lewis v. D.C.*, 793 F.2d 361, 363 (D.C. Cir. 1986), the trial court's admission of the Plaintiff's drug use to measure the extent of damages was appealed by the Plaintiff.  The United States Court of Appeals found the trial court acted within its discretion admitting  such evidence stating, "although this type of evidence may be unfavorable to a party, it does not create " 'prejudice' at all … let alone 'unfair

3

prejudice.'" *See Id*. The Court is clear in their decisions, prior criminal convictions and drug use are admissible for the purpose of assessing damages claimed by the Plaintiffs, especially when those damages are subjective in nature.

In the case at hand, Plaintiffs seek to exclude the introduction of evidence of drug use and past criminal behavior as they proffer it will be unfairly prejudicial and has no probative value. The U.S. Court of Appeals reviewed very similar circumstances and concluded this same evidence is admissible and probative in nature. Evidence that is unfavorable or adverse to a party does not necessarily make it prejudicial nor does it rise to the level of unfair prejudice.

The Federal Rules of Evidence and case law permit the Plaintiffs' drug use and Steven J. Summers' criminal history to be presented to a jury because it is probative in nature, specifically in regards to damages. The case law suggests this Court should allow the jury to hear evidence regarding the same and make their own determination as to its weight and credibility. Thus, this Court should deny Plaintiffs' Motions to Exclude the past drug use of Kayla Yeager and the Criminal History and/or drug use of Steven J. Summers.

Respectfully submitted,

/s/ Richard P. Cassetta
Dan H. Ball (admitted *pro hac vice*)
Richard P. Cassetta (admitted *pro hac vice*)
Bryan Cave Leighton Paisner LLP
One Metropolitan Square
211 N. Broadway, Ste 3600
St. Louis, MO 63102
(314) 259-2200 Telephone
dhball@bryancave.com
richard.cassetta@bryancave.com


Larry R. Church
McNeely Stephenson
318 Pearl Street,
Suite 200
New Albany, IN 47150
(812) 725-8224 Telephone
(317) 825-5205
larry.r.church@msth.com

*Counsel for Defendant, Evenflo Company, Inc.*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of June, 2018, the foregoing document was filed electronically. Notice of the filing will be sent to the following attorneys by operation of the Court's electronic filing system. Parties may access the filing through the Court's system:

J. Anthony Goebel
GOEBEL LAW OFFICE
1034 Copperfield Drive
Georgetown, IN 47122

Richard L. Denney
Jason E. Robinson
DENNEY & BARRETT PC
870 Copperfield Drive
Norman, OK 73072-4147

Nicholas F. Stein
Amy Wheatley
810 E. Market Street
New Albany, IN 47150

/s/ Richard P. Cassetta
Richard P. Cassetta